DUBIN-HASKILL LINING CORP., Respondent, *v.* ALFRED E. POOR et al., Appellants.

DEBRUCE REALTY CORP., Respondent, *v.* ALFRED E. POOR et al., Appellants.

HARRY KELVIN, Doing Business as KELVIN ELECTRONICS, Respondent, *v.* ALFRED E. POOR et al., Appellants.

First Department, February 25, 1971.

*Vincent J. Zichello* of counsel (*Hart & Hume,* attorneys), for Alfred E. Poor and others, appellants.

*Robert E. Quirk* of counsel (*Quirk & Bakalor,* attorneys), for Fred N. Severud and others, appellants.

*John Nielsen* of counsel (*Stanley Geen* with him on the brief; *Craig & Geen,* attorneys), for Spencer, White & Prentis, Inc., and others, appellants.

*Nathaniel Rothstein* for William H. Mueser and others, appellants.

*Theodore S. Lite* of counsel (*Richard E. Miller* and *Irving L. Weinberger* with him on the brief; *Raphael, Searles & Vischi,* attorneys), for respondents.

STEUER, J. The appeals are from separate orders in three separate actions. The suits largely parallel one another and can best be considered together. It appears that the United States was the owner of certain property located in Block 156, Lot 17, and Block 157, Lot 21, Manhattan. This property was the site for a Customs Courthouse. The defendants were engaged as contractors, subcontractors and architects on this project. The plaintiff DeBruce was the owner of the building located at 312

Broadway, which abuts on the Federal property. The plaintiff Kelvin was a tenant in that building. The plaintiff Dubin-Haskill was a tenant in the building located at 326–334 Broadway, which also abuts the project. It is alleged that, due to the failure of the defendants to take proper steps to protect these buildings in the course of the excavation on the Federal property, the said buildings were damaged. This work is alleged to have been commenced in January, 1963. It is further alleged that the properties located at 312 Broadway and 326–334 Broadway were taken in condemnation by the United States on April 30, 1964.

In all three of the actions the defendants moved for summary judgment, and in the DeBruce and Kelvin actions for certain preliminary relief. It should be noted that the plaintiffs Dubin-Haskill and Kelvin are tenants and have no interest in the buildings as such. It is not alleged that any property of theirs was damaged. What they claim is that by virtue of the damage done to the buildings they occupied the United States was induced to condemn those buildings and they thereby lost their tenancies. All of the damages alleged are based on this consequence — cost of relocation, additional rent necessitated and moving costs.

It has been specifically conceded that the taking in eminent domain of the two buildings in question was for a public purpose. That eliminates any question of the propriety of the taking (*Matter of City of New York* [*Ely Ave.*], 217 N. Y. 45; *McCabe* v. *City of New York*, 213 N. Y. 468). The damages claimed are predicated on the taking, and the taking is incontestably valid. It would be an anomaly to allow a collateral attack by countenancing an action for acts which induced that valid act.

We turn now to the DeBruce action. Here the plaintiff is the owner of the building. The allegations of the complaint are ambiguous as to whether damages are sought for the injury done to the building or because the building was condemned. The affidavit in opposition to the motion for summary judgment does state that damages are sought for the injury to the building and that the award in condemnation was for the building in its damaged condition. A reply affidavit contests this. Unfortunately, neither affidavit rises to the dignity of proof. The award was the result of settlement and neither affiant avers that he participated in the negotiations, nor does either show personal knowledge of how it was arrived at. The situation revealed is that if plaintiff is seeking compensation for the physical damage to the building prior to its condemnation, there is an issue as to whether that damage was included in the award

either by appraisal of the building in its condition before the damage or otherwise. Doubts as to what plaintiff is seeking should be resolved at this stage of the proceeding. A new complaint limiting plaintiff's claim to physical damage to the building not compensated for in the award is necessitated.

Defendants have also moved in the DeBruce and Kelvin actions to amend their answers to plead that the stipulation of settlement in the condemnation proceeding precludes any recovery and to limit damages to those occurring prior to April 30, 1964, the date of taking. As regards the Kelvin action, the disposition indicated above makes this relief unnecessary. In the DeBruce action, the amendments would serve to clarify the issues and should be allowed.

Order (GOLD, J.) entered November 15, 1968, in the action in which Dubin-Haskill is plaintiff should be reversed on the law and summary judgment dismissing the complaint granted to defendants with one bill of costs to defendants-appellants.

Order (GOLD, J.) entered November 15, 1968, in the action in which Harry Kelvin is plaintiff should be reversed on the law and summary judgment dismissing the complaint is granted with one bill of costs to defendants-appellants.

Order (GOLD, J.) entered November 15, 1968, in the action in which DeBruce Realty is plaintiff should be reversed on the law and complaint dismissed with leave to plaintiff to apply to Special Term within 20 days after service of order with notice of entry for leave to serve an amended complaint in accord with the foregoing opinion and, if such complaint is served, with leave to defendants to amend their answers as requested in the notice of motion, with one bill of costs to defendants-appellants.

KUPFERMAN, J. (concurring in part and dissenting in part). Essentially we have three separate problems regarding two Broadway buildings originally contiguous to the construction site and condemned by the United States, allegedly because of the negligence of the defendants in connection with their excavation work on property already taken by the Government for the new United States Customs Court and a Federal office building.

1. As to a landlord (DeBruce Realty Corp.) I concur in the opinion of the majority that damages should be limited to the value, if any, by which the condemnation award for the damaged property could have been exceeded if the property had not been damaged.

2. As to the tenants (Dubin-Haskill Lining Corp. and Harry Kelvin, doing business as Kelvin Electronics) who have no

interest in the buildings as such, I dissent. The majority opinion would leave them with no recourse, if, in fact, the condemnation took place because of the negligence of the defendants. Moving costs and other costs of relocation and additional rent in connection with obtaining new premises, etc., are all proper items of damage. As to limitation of damages to those occurring prior to April 30, 1964, the date of taking, it should be limited to the negligence that occurred prior to the date of taking, but consequential damages as a result thereof may have occurred thereafter.

3. With respect to permission granted to the defendants to amend their answers to plead as a general release, the stipulation of settlement between the United States and DeBruce Realty Corp. and its sole tenant, Kelvin Electronics, in the condemnation proceeding, I concur in part and dissent in part. The stipulation should only be permitted to be pleaded insofar as it may prevent duplication of damages and, therefore, it is only a partial defense.

I would: (1) affirm the orders of Special Term denying summary judgment; (2) grant leave to the plaintiff, DeBruce Realty Corp., to serve an amended complaint in accordance with the foregoing, and (3) modify the orders at Special Term in the DeBruce Realty Corp. and Kelvin Electronics actions to allow the defendants to plead a partial affirmative defense.

CAPOZZOLI, J. P., McGIVERN and TILZER, JJ., concur with STEUER, J.; KUPFERMAN, J., dissents, in part, and concurs, in part, in an opinion.

Orders of the Supreme Court, New York County, entered on November 15, 1968, in which Dubin-Haskill and Harry Kelvin are plaintiffs, reversed on the law and the motions for summary judgment dismissing the complaints granted. Order of said court, entered on November 15, 1968, in which DeBruce Realty is plaintiff, reversed on the law, and the motion for summary judgment dismissing the complaint granted, with leave to plaintiff DeBruce Realty to apply to Special Term within 20 days after service of a copy of the order herein by appellants on it, with notice of entry thereon, for leave to serve an amended complaint in accord with the opinion of this court filed herein, and, if such complaint is served, with leave to defendants to amend their answers as requested in the notice of motion. Appellants shall recover of plaintiffs-respondents one bill of $50 costs and disbursements of this appeal.